Timothy A. Scott (SBN 215074)
Michele C. Angeles (SBN 298883)
Lauren M. Williams (SBN 306918)
MCKENZIE SCOTT PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964
Email: tscott@mckenziescott.com
        mangeles@mckenziescott.com
        lwilliams@mckenziescott.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SULLIVAN,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF ESCONDIDO; ESCONDIDO OFFICER JAMES WHITE; DOE ESCONDIDO POLICE DEPARTMENT OFFICERS 1-10,<br><br>        Defendants. | Case No.: **'24 CV 1139 WQHBLM**<br><br>**COMPLAINT FOR DAMAGES**<br>1. **42 U.S.C. § 1983: First Amendment Retaliation**<br>2. **42 U.S.C. § 1983: Illegal Seizure Of Person**<br>3. **42 U.S.C. § 1983: Illegal Search Of Person**<br>4. **42 U.S.C. § 1983: Illegal Search Of Property**<br>5. **42 U.S.C. § 1983: Illegal Seizure Of Property**<br>6. **42 U.S.C. § 1983: Failure to Properly Train**<br>7. **Cal. Civ. Code § 52.1 (Bane Act).**<br>8. **Battery.** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9.   Intentional Infliction of
Emotional Distress.**
**10.   Negligence.**

Demand for Jury Trial.

## INTRODUCTION

1.     On the evening of May 18, 2023, Timothy Sullivan, a concerned citizen, filmed Escondido Police Officers from a distance while standing on a public sidewalk in Escondido, CA.

2.     In retaliation for exercising his First Amendment rights, Escondido Police Officers threatened Mr. Sullivan, knocked his phone from his hand, handcuffed him, searched him, falsely arrested him, and destroyed his property.

3.     Each of these intentional actions violated Mr. Sullivan's clearly established constitutional rights.

4.     Mr. Sullivan requests a jury trial to pursue justice on these claims.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts causes of action for constitutional violations arising under 42 U.S.C. § 1983.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise out of events and omissions occurring in the County of San Diego, which is situated in the Southern District of California.

7.     On October 30, 2023, Plaintiff submitted a timely tort claim pursuant to the California Tort Claims Act (Cal. Gov. Code §§ 810-996.6) against the City of Escondido.  In a letter dated January 3, 2024, the risk management department rejected the claim.

## PARTIES

8.     Plaintiff Timothy Sullivan was, at all times relevant to this lawsuit, a resident of the State of California, and a citizen of the United States.

9.     Defendant City of Escondido ("The City") is a governmental entity organized and existing under the laws of the State of California.  The Escondido Police Department ("EPD") is organized under, and part of, the City of Escondido.

10.     Defendant EPD Officer James White ("WHITE"), at all times relevant herein, was an officer with EPD, was an employee of EPD, and was acting within the scope of his employment.

11.     Defendant Officers Does 1-10 ("Defendant Officers"), at all times relevant to the Complaint, were officers for EPD and were acting within the scope of their employment.  Doe Officers were involved in stopping and detaining Mr. Sullivan as described herein.

## FACTUAL ALLEGATIONS

12.     Timothy Sullivan was born and raised in San Diego County. He is a father, husband, and active member of his community.

13.     At the time of the incident Mr. Sullivan worked as a paralegal in a San Diego law office that specializes in criminal defense.

14.     At approximately 11:00 P.M. on May 18, 2023, Mr. Sullivan was standing on the sidewalk near 125 W Grand Ave, Escondido, CA 92025.

15.     Escondido Police Department ("EPD") Officers had an individual detained and handcuffed on the block of 125 W Grand Ave, Escondido, CA 92025.

16.     As a concerned citizen, Mr. Sullivan started to record Defendant EPD Officer James White ("WHITE") and the Defendant Officers in order to document their actions to ensure truth and transparency and to document what he perceived might be police misconduct.

17.     Mr. Sullivan stood approximately 20 feet away from WHITE and the Defendant Officers while he filmed.

18.     At no time did Mr. Sullivan impede or interfere with WHITE and the Defendant Officers' investigation or police work.

19.     Mr. Sullivan exercised his First Amendment right to film EPD Officers' actions.

20.     The First Amendment protects a "right to film matters of public interest." *Baca v. Anderson,* No. 22-cv-02461-WHO, 2022 WL 7094267, at *5 (N.D. Cal. Oct. 12, 2022) (citing *Fordyce v. City of Seattle,* 55 F.3d 436, 439 (9th Cir. 1995)). *See also Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) ("The First Amendment protects the right to photograph and record matters of public interest."); *Reed v. Lieurance,* 863 F.3d 1196, 1211 (9th Cir. 2017) (referencing "the First Amendment-protected activity of observing a government operation" and *citing Fordyce* as "recognizing a 'First Amendment right to film matters of public interest' – in that case, police actions during a public demonstration" (quoting Fordyce, 55 F.3d at 439)). "This includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." *Id.* Indeed, "since *Fordyce* came down, district courts in this circuit have continuously recognized a clearly established right to peacefully film police officers carrying out their duties in public." *Baca,* 2022 WL 7094267, at *6.

21.     The Escondido Police Department has never trained its officers on the case law described in the preceding paragraph specifically.

22.     The Escondido Police Department has never trained its officers generally on the public's right to film and/or video-record police under the First Amendment.

23.     WHITE who stood about 20 feet from Mr. Sullivan, noticed Mr. Sullivan filming and approached him and yelled at him to stop filming and to leave.

24.     Mr. Sullivan calmly told WHITE that he was not bothering EDP officers and was within his rights under the First Amendment to record the police.

25.     In response, WHITE threatened to arrest him for obstruction and littering.

26.     WHITE did not have probable cause to arrest Mr. Sullivan for any public offense.

27.     Despite lacking probable cause to arrest Mr. Sullivan, WHITE ordered Mr. Sullivan to turn around and put his hand behind his back.

28.     Mr. Sullivan complied with WHITE's orders and turned around and put his hand behind his back.

29.     WHITE knocked Mr. Sullivan's phone to the ground.

30.     WHITE handcuffed, searched, and placed Mr. Sullivan in the back of a police car.

31.     Defendant Officers transported Mr. Sullivan to the Escondido Police Station, where he was again searched and detained for hours.

32.     While at the Escondido Police Station, Mr. Sullivan tried to call his wife but was told by the EPD Officers that the phones were not working.

33.     While waiting in the holding cell at the police station, WHITE came to Mr. Sullivan with his cell phone in his hands.

34.     WHITE asked Mr. Sullivan for his phone password so that WHITE could call Mr. Sullivan's wife and place her on speaker phone.

35.     WHITE entered the code on the cellular phone, called Mr. Sullivan's wife and then proceeded to speak with Mr. Sullivan's wife.

36.     While the phone was in WHITE's custody, the video Mr. Sullivan had recorded of WHITE and Defendant Officers earlier that evening had been deleted.

37.     On information and belief, WHITE deleted recordings of the incident that were on Mr. Sullivan's phone.

38.     EDP Officers later transferred to the Vista Jail where he was again searched and detained for hours.

39.     Mr. Sullivan was released in the later part of the morning after his arrest. He had been in custody for at least 8 hours.

40.     WHITE and Defendant Officers did not have a search warrant or arrest warrant for Mr. Sullivan.

41.     No charges were ever filed against Mr. Sullivan because he had not engaged in any criminal activity.

42.     WHITE and Defendant Officers violated Mr. Sullivan's rights, caused him injury and lasting and severe emotional distress as described above.

43.     Because of the incident, Mr. Sullivan has experienced extreme anxiety, sleeplessness, hyper-vigilance, loss of consortium and persistent severe emotional distress.

44.     Mr. Sullivan continues to suffer from severe emotional distress due to the profound injustice and indignity of being wrongfully arrested.

## I.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983: First Amendment - Retaliation

### (vs. Defendant White and Defendant Officers)

45.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

46.     Plaintiff had a First Amendment right to record WHITE and the Defendant Officers.

47.     Plaintiff exercised that right in part because he perceived police misconduct. Plaintiff was engaged in a constitutionally protected activity (filming police) in order to promote truth and transparency within the Escondido Police Department.

48.     WHITE and Defendant Officers did not want Plaintiff, a citizen, to record their acts.

49.     Plaintiff exercised his right under the First Amendment to take his cellular phone and video record the police conduct from the sidewalk, without interfering with WHITE, any of said Defendant Officers, or their investigation.

50.     Plaintiff was not violating any law by recording the police in the manner that he did.

51.     Plaintiff stood on the public sidewalk while recording WHITE and Defendant Officers, without interfering with them or their investigation.

52.    Plaintiff stood approximately 20 feet away from WHITE and Defendant Officers while recording.

53.    WHITE and Defendant Officers saw Plaintiff video recording from his phone.

54.    Plaintiff continued to video record WHITE and Defendant Officers from sidewalk while WHITE began to approach and threaten Plaintiff.

55.    WHITE approached Plaintiff told him to place his hand behind his back.

56.    WHITE physically struck Plaintiff's phone out of his hand, so that Plaintiff could no longer video record the police.

57.    Plaintiff's phone fell to the ground.

58.    Plaintiff complied with WHITE's orders and turned around and placed his hand behind his back.

59.    WHITE, with the assistance of unknown Defendant Officers, retrieved handcuffs, handcuffed Plaintiff, and placed him in the back of a police car.

60.    WHITE and Defendant Officers unlawfully retaliated against Plaintiff for the exercise of his First Amendment rights.

61.    Defendants did so in part by illegally arresting Plaintiff.

62.    WHITE and Defendant Officers did not have probable cause to believe that a crime had been committed by Plaintiff.

63.    "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

64.    Defendant Officers and WHITE's actions against Plaintiff would chill a person of ordinary firmness from continuing to exercise their First Amendment right to film the police.

65.    The First Amendment protects a "right to film matters of public interest." *Baca v. Anderson,* No. 22-cv-02461-WHO, 2022 WL 7094267, at *5 (N.D. Cal.

Oct. 12, 2022) (citing *Fordyce v. City of Seattle,* 55 F.3d 436, 439 (9th Cir. 1995)). *See also Askins v. U.S. Dep't of Homeland Sec.,* 899 F.3d 1035, 1044 (9th Cir. 2018) ("The First Amendment protects the right to photograph and record matters of public interest."); *Reed v. Lieurance,* 863 F.3d 1196, 1211 (9th Cir. 2017) (referencing "the First Amendment-protected activity of observing a government operation" and *citing Fordyce* as "recognizing a 'First Amendment right to film matters of public interest' – in that case, police actions during a public demonstration" (quoting Fordyce, 55 F.3d at 439)). "This includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." *Id.* Indeed, "since *Fordyce* came down, district courts in this circuit have continuously recognized a clearly established right to peacefully film police officers carrying out their duties in public." *Baca,* 2022 WL 7094267, at *6.

66.   WHITE and Defendant Officers integrally participated in or failed to intervene in the retaliation, illegal arrest, and restraint of Plaintiff which was the proximate cause of the injuries and damages as alleged herein.

67.   WHITE and Defendant Officers acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposely with the intent to deprive Plaintiff of his federally protected rights and privileges.

68.   WHITE and Defendant Officers did, in fact, violate Plaintiff's rights and privileges. As such, the actions of WHITE and Defendant Officers were willful, wanton, malicious, oppressive, vexatious, deliberate, and their actions justify an award of exemplary and punitive damages in an amount to be ascertained according to proof at trial.

69.    WHITE and Defendant Officers acted under color of state law.

70.   Plaintiff is entitled to attorney's fees as provided in 42 U.S.C. § 1988.

/ / /

## II.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983:  Fourth Amendment Illegal Arrest

## (vs. The City, Defendant White and Defendant Officers)

71.    Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

72.    Plaintiff had a Fourth Amendment right to freedom of movement and freedom from unreasonable seizures.

73.    "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

74.    WHITE and Defendant Officers did not have probable cause to believe that a crime had been committed by Plaintiff.

75.    Plaintiff was a concerned citizen exercising his First Amendment rights.

76.    He was unarmed.

77.    He was not committing a crime.

78.    WHITE and Defendant Officers did not reasonably suspect Plaintiff of any crime.

79.    WHITE and Defendant Officers conducted a warrantless arrest when they detained Plaintiff, restricted his movements, handcuffed him, and failed to release him within a reasonable period of time.

80.    WHITE and Defendant Officers lacked reasonable suspicion that Plaintiff had committed any crime either.

81.    WHITE and Defendant Officers detained Plaintiff impermissibly because he was exercising his constitutional rights.

82.   After Plaintiff asserted his rights, WHITE and Defendant Officers arrested, transported and booked Plaintiff in jail.

83.   Plaintiff did not knowingly or voluntarily consent to being detained.

84.   Plaintiff was actually harmed.

85.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

86.   As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff suffered damages in an amount according to proof at the time of trial.

87.   WHITE and Defendant Officers acted under color of state law.

### III.

### THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983:  Fourth Amendment Illegal Search of Person

### (vs. Defendant White and Defendant Officers)

88.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

89.   Plaintiff had a Fourth Amendment right to freedom from unreasonable searches of his body.

90.   WHITE and Defendant Officers did not have probable cause to arrest Plaintiff.

91.   Because Plaintiff was illegally arrested Defendant Officers illegally searched him multiple times.

92.    At no time did Plaintiff consent to a search of his person.

93.   WHITE and Defendant Officers did not have a warrant to search Plaintiff.

94.   WHITE and Defendant Officers did not have a valid basis to conduct a warrantless search of Plaintiff.

95.   WHITE and Defendant Officers knew or should have known that their search of Plaintiff's body violated the Fourth Amendment.

96.   WHITE and Defendant Officers acted under color of state law.

97.     WHITE and Defendant Officers' actions caused Plaintiff general and special damages in an amount to be proven at trial.

## IV.

### FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983:  Fourth Amendment Illegal Search of Property

### (vs. Defendant White and Defendant Officers)

98.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

99.     Plaintiff had a Fourth Amendment right to freedom from unreasonable searches of his cell phone.

100.    WHITE and Defendant Officers did not have probable cause to arrest Plaintiff.

101.    WHITE and Defendant Officers seized and had possession of Plaintiff's cellular phone after his unlawful arrest.

102.    WHITE and Defendant Officers illegally searched Plaintiff's cellular phone. They acted intentionally and unreasonably when they accessed the contents of Plaintiff's cellular phone and deleted the video recording in Plaintiff's phone.

103.    The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.3. "Ordinarily, before conducting a search, police must obtain a warrant issued by a judicial officer based 'upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *United States v. Cano,* 934 F.3d 1002, 1010–11 (9th Cir. 2019) Warrants are generally required "unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona,* 437 U.S. 385, 393–94 (1978). "[S]earches conducted outside

the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967).

104.   Plaintiff did not consent to a search of his cellular phone.

105.   WHITE and Defendant Officers did not have a warrant to search Plaintiff's cellular phone.

106.   WHITE and Defendant Officers did not have a valid basis to conduct a warrantless search.

107.   WHITE and Defendant Officers knew or should have known that their search of Plaintiff's cellular phone violates the Fourth Amendment.

108.   WHITE and Defendant Officers acted under color of state law.

109.   WHITE and Defendant Officers' actions caused Plaintiff general and special damages in an amount to be proven at trial.

## V.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983:  Fourth Amendment Illegal Seizure of Property
### (vs. Defendant White and Defendant Officers)

110.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

111.   The Fourth Amendment protects individuals from unreasonable government seizures of their property. *Recchia v. City of L.A. Dep't of Animal Servs.*, 889 F.3d 553, 558 (9th Cir. 2018). "Because warrantless ... seizures are *per se* unreasonable, the government bears the burden of showing that a warrantless ... seizure falls within an exception to the Fourth Amendment's warrant requirement." *Id.* (quoting *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012)); *see also*

*Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005); *G & G Jewelry, Inc. v. City of Oakland*, 989 F.2d 1093, 1099 (9th Cir. 1993).

112.    WHITE and Defendant Officers seized and possession of Plaintiff's cellular phone after his unlawful arrest.

113.    WHITE and Defendant Officers maintained possession and control of Plaintiff's cellular phone while he was illegally detained in jail.

114.    WHITE and Defendant Officers illegally searched Plaintiff's cell phone.

115.    WHITE and Defendant Officers intentionally and unreasonably accessed the contents of Plaintiff's cellular phone and deleted the video recording in Plaintiff's phone.

116.    "The destruction of property has long been recognized as a seizure." *Garcia v. City of Los Angeles,* 11 F.4th 1113, 1118 (9th Cir. 2021) (*citing United States v. Jacobsen*, 466 U.S. 109, 124–25 (1984))

117.    WHITE and Defendant Officers knew or should have known that their search of Plaintiff's cellular phone and the destruction of the video violates the Fourth Amendment.

118.    WHITE and Defendant Officers acted under color of state law.

119.    WHITE and Defendant Officers' actions caused Plaintiff general and special damages in an amount to be proven at trial.

## VI.

### SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983:  Failure to Properly Train

### (vs. City of Escondido "the City")

120.    Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

121.    The City as a matter of custom, practice and policy, failed to maintain adequate and proper training as to citizens' rights under the First Amendment.

122.   Plaintiff had a First Amendment right to record WHITE and the Defendant Officers for engaging in what he perceived to be police misconduct.

123.   Members of the public today routinely film police officers with their cellular phones, including Escondido Police Department.

124.   The public largely has the right to do so without interference or harassment by Escondido police.

125.   The City of Escondido, by and through its final policymakers, made a series of deliberate decisions not to train Escondido police officers on contemporary First Amendment law, including the right to film police in public.

126.   The City of Escondido and its final policymakers did so despite having knowledge of the high possibility of conflict between police and the public over First Amendment and police-filming issues, and that Escondido police would violate the constitutional rights of people like Timothy Sullivan.

127.   WHITE and Defendant Officers deprived the plaintiff of his particular rights under the laws of the United States, the United States Constitution, and California Constitution.

128.   The training policies of the City were not adequate to prevent violations of law by its officers and it failed to properly train its police officers to handle the usual and recurring situations with which they must deal including citizen's rights to film them.

129.   The City was deliberately indifferent to the substantial risk that its training policies were inadequate to prevent violations of law by its officers and the known or obvious consequences of its failure to train its police officers adequately.

130.   The failure of the City to prevent violations of law by its officers and to provide adequate training caused the deprivation of the Plaintiff's rights by WHITE and Defendant Officers that is, the City's failure to prevent violations of

law by its officer and properly to train them played a substantial part in bringing about or actually causing injury to Plaintiff.

131.   WHITE and Defendant Officers acted under color of state law.

132.   WHITE and Defendant Officers' actions caused Plaintiff general and special damages in an amount to be proven at trial.

## VII.

## SEVENTH CAUSE OF ACTION

### Violation of Cal. Civ. Code § 52.1 (Bane Act)

### (Defendants City, Defendant White, Doe Officers)

133.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

134.   Defendants violated Plaintiff's clearly established rights under the United States Constitution, California constitution, and California statutes, which include, but are not limited to:

    a.   The right to be free from unreasonable detentions, searches, and seizures pursuant to the Fourth Amendment to the United States Constitution and Article 1, Section 13 of the California Constitution;

    b.   The right to be free of deprivation of life, liberty, or property without due process of law or denied equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution;

    c.   The right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to personal relations pursuant to California Civil Code Section 43; and

    d. The right to be free from tortious conduct pursuant to California tort law, as described in the following causes of action (aside from Negligence) and incorporated herein by reference, pursuant to California Government Code §§ 810-996.6.

    e. The First Amendment right to free speech and to film police conduct, as described in this Complaint.

135. The California Legislature has declared that it is a violation of state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation, or coercion.

136. When WHITE and Defendant Officers unlawfully seized and searched Plaintiff they interfered with his civil rights to be free from unreasonable searches and seizures to due process.

137. Plaintiff had a right to due process, freedom of movement, and to be free from unlawful detention, search, and seizure pursuant to the United States Constitution, the California Constitution, and California law as referenced above.

138. Defendants did not have reasonable suspicion let alone probable cause to detain and arrest Plaintiff.

139. Plaintiff also had a right to be free of Defendants' interference and destruction of his personal property, such as his mobile phone and the content therein, pursuant to the United States Constitution, the California Constitution, and California law as referenced above.

140. WHITE and Defendant Officers violated Plaintiff's rights by stopping him without reasonable suspicion, probable cause, or a warrant, handcuffing him, and detaining him.

141.   Plaintiff had a right to free speech and to film the police pursuant to the First Amendment to the United States Constitution and the California Constitution as referenced above.

142.   White and Defendant Officers violated Plaintiff's federal First Amendment rights and his free speech rights under California law as well.

143.   Defendant's actions caused Plaintiff to be deprived of his civil rights protected by the United States Constitution, California Constitution, and California law which also legally, proximately, foreseeably, and actually caused Plaintiff to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

144.   WHITE and Defendant Officers tortiously denied Plaintiff the enjoyment of his rights while acting with malice, fraud, and oppression. As such, their actions justify an award of exemplary and punitive damages in an amount to be determined at the time of trial.

## VIII.

## EIGHTH CAUSE OF ACTION

## Battery

## (Defendants City, Defendant White, Defendant Officers)

145.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

146.   Defendants acted with an intent to cause harmful or offensive contact with the person of Plaintiff and the intended harmful or offensive contact did in fact occur.

147.   Defendants detained, handcuffed, and placed Plaintiff in the back of a patrol car using force.

148.   Defendants handcuffed Plaintiff despite there being no need to.

149.   Defendants illegally searched Plaintiff's person.

150.   The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable, and done with deliberate indifference to the rights and safety of Plaintiff.

151.   As a result of Defendants' intent to cause harmful or offensive contact with the person of Plaintiff, and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff suffered damages according to proof at the time of trial.

152.   Pursuant to Cal. Gov. Code § 815.2, Defendant City is vicariously liable for the actions and/or omissions of its employees, WHITE, Defendant Officers, acting within the scope of their employment.

## IX.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Defendants City, Defendant White, Defendant Officers)

153.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

154.   Defendants' conduct was outrageous.

155.   Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when Defendants' conduct occurred.

156.   Defendants knew or should have known that Plaintiff was not involved in criminal activity and yet continued to arrest and detain Plaintiff for a significant period.

157.   Plaintiff suffered—and continues to suffer—severe emotional distress.

158.   Defendants' actions are the actual and proximate cause of Plaintiff's severe emotional distress.

159.   Pursuant to Cal. Gov. Code § 815.2, Defendant City is vicariously liable for the actions and/or omissions of its employees, WHITE, Defendant Officers, acting within the scope of their employment.

## X.

## TENTH CAUSE OF ACTION

### Negligence

### (Defendants City, Defendant White, Defendant Officers)

160.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

161.   Defendants had a duty to use reasonable care regarding members of the public, their rights to freedom of movement, and autonomy of person and property.

162.   Defendants had a duty to use reasonable care in determining whether reasonable suspicion or probable cause existed to stop, detain, and arrest someone.

163.   Defendants had a duty to use reasonable care regarding members of the public and their personal property rights.  Defendants had a duty to use reasonable care in searching the property of others.  Defendants had a duty to use reasonable care in performing a property search without resorting to damage to property.

164.   Defendants breached their duty of care and caused harm to Plaintiff, including fear, mental anguish, humiliation, indignity, degradation, damage to reputation, damage to property, and financial loss based on their conduct described above.

165.   As a direct, proximate, and foreseeable result of the breach of Defendants' duties of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

166.   Pursuant to Cal. Gov. Code § 815.2, Defendant City is vicariously liable for the actions and/or omissions of its employees, WHITE, Defendant Officers, acting within the scope of their employment.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against defendants as follows:

1.      General and compensatory damages in an amount according to proof;

2.      Punitive and exemplary damages;

3.      Civil penalties as provided by law;

4.      Attorney fees under Cal. Civil Code § 52.1(b) and Cal. Civil Code § 52;

5.      Costs of suit;

6.      And for such other and further relief as the Court may deem proper.


Dated:      July 1, 2024                  Respectfully Submitted,


                                          */s/ Timothy A. Scott*
                                          TIMOTHY A. SCOTT
                                          MICHELLE C. ANGELES
                                          McKENZIE SCOTT PC
                                          Attorneys for Plaintiff